**SO ORDERED.**

**SIGNED this 18th day of July, 2016.**



*Dale L. Somers*
Dale L. Somers
United States Bankruptcy Judge

___

For use by the parties only
**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **In Re:** | |
| **CHRISTIAN ROBERT KEELEY,** | **CASE NO. 14-22843** |
| DEBTOR. | **CHAPTER 7** |
| **SONYA ORMSBY,** | |
| PLAINTIFF, | |
| v. | **ADV. NO. 15-06010** |
| **CHRISTIAN ROBERT KEELEY,** | |
| DEFENDANT. | |

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Sonya Ormsby has moved for summary judgment on her dischargeability

complaint under 11 U.S.C. §§ 727 (a)(2)(A) and (a)(4)(A) against Debtor Christian

Robert Keeley.  Plaintiff appears pro se.  Debtor, appearing through his counsel Bradley D. McCormack of the Sader Law Firm, opposes the motion.[1]

The Complaint in counts one and two alleges that Debtor should be denied a discharge under § 727(a)(2)(A) because he transferred money to his non-debtor spouse's bank account and transferred a vehicle to a third party with intent to hinder, delay, or defraud creditors.  In counts three through seven, the Complaint alleges that Debtor's discharge should be denied under § 727(a)(4)(A) because he made a false oath or account by: (1) failing to disclose personal property in his bankruptcy schedules; (2) failing to disclose income from employment in his bankruptcy schedules; (3) failing to disclose the transfer of cash to his spouse, transfer of a vehicle, and proceeds of a personal injury settlement in his statement of financial affairs; (4) failed to disclose the nature, location, and name of a business in his statement of financial affairs; and (5) made a false oath during his 341 hearing.

Plaintiff's memorandum in support of her motion for summary judgment includes 106 separate paragraphs of allegedly uncontroverted facts, many of which are supported by references to bankruptcy filings, transcripts, and copies of documents.  These

---

[1] This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b), and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013.  D. Kan. Standing Order No. 13-1, *printed in* D. Kan. Rules of Practice and Procedure at 168 (March 2016).  Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).  There is no objection to venue or jurisdiction over the parties.

statements address the Debtor's conduct which is the basis for the Complaint. However, they do not address Debtor's intent or state of mind when engaging in the enumerated acts. Denial of discharge under § 727(a)(2)(A) requires that the challenged transfers be made "with intent to hinder, delay, or defraud a creditor." Discharge may be denied under § 272(a)(4)(A) when the Debtor "knowingly and fraudulently, or in connection with the case - made a false oath or account." Assuming, without deciding, that Debtor engaged in the conduct set forth in the statements of uncontroverted facts, the Court could not conclude on this evidence alone that Debtor acted with the requisite intent. "[t]he granting or denial of a discharge must normally await the outcome of the trial. The fact-intensive nature of many discharge objections relating to fraudulent intent and similar issues does not make them amenable to disposition through summary judgment."[2]

Although the Court denies the motion for summary judgment for the foregoing reason, the Court will comment upon the matters raised in the Defendant's response. First, Defendant contends the motion should be denied because of failure to comply with local rules 7.1, addressing page limits, and 7.6, addressing content of briefs and memoranda. Standing alone, the minor violations noted by Defendant would not be sufficient to deny the motion. Second, Defendant raises issues concerning the documents relied upon by Plaintiff, including whether they are properly authenticated and whether they are outside the scope of the matters outlined in the Complaint, which Plaintiff stated

---

[2] 6 *Collier on Bankruptcy* ¶ 727.16[7], at 727-74 (Alan N. Resnick & Henry J. Sommer eds.-in-chief, 16th ed).

in her response to interrogatories constitute all of the facts upon which she bases her contentions. Because these same issues will likely be raised by Defendant at trial, they are matters which the Court suggests the parties raise at a pretrial conference so the trial can proceed more smoothly. Third, contrary to Defendant's assertion, Plaintiff was not required to negate the Defendant's affirmative defenses. Rule 56 does not require "the moving party [to] support its motion with affidavits or other similar materials *negating* the opponent's claim,"[3] and the moving party does not have the burden "to produce evidence showing the absence of a genuine issue of material fact . . . with respect to an issue on which the nonmoving party has the burden of proof."[4]

The Court therefore denies Plaintiff's motion for summary judgment. Trial will be necessary to resolve the allegations of the Complaint.

**IT IS SO ORDERED.**

###

---

[3] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[4] *Id.* at 325.